UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SHARON A. KIRCUS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CV-07-S-2179-M |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Sharon A. Kircus, commenced this action on December 3, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

In the present case, claimant alleged that she was disabled as of August 12, 2005, due to disorders of the lumbar spine, glaucoma, Post Traumatic Stress Disorder, Panic Disorder, and agoraphobia.[1] The ALJ found that claimant suffers from the "severe medically determinable impairments" of depression and anxiety.[2] The ALJ also opined that claimant was not able to return to her past relevant work as a cashier or retail stocker,[3] but that, based on the testimony of a vocational expert, claimant was nonetheless able to perform other gainful work that is available in significant numbers in the national economy.[4] Upon reaching the foregoing conclusions, the ALJ determined that claimant was not disabled. These conclusions were supported by substantial evidence.

Claimant's primary argument on appeal is that the ALJ erred in rejecting the opinion of Dr. June Nichols, Psy.D., an examining, non-treating psychologist, in favor of the opinion of Dr. Eugene Fleece, Ph.D., a non-examining, non-treating, state agency psychologist, or, alternatively, that the ALJ improperly substituted his own opinion for that of Dr. Nichols. Claimant also contends that the ALJ erroneously did not utilize all the evidence of record when reaching a determination of claimant's

---

[1] Tr. at 15.
[2] *Id*. at 18.
[3] *Id*. at 25.
[4] *Id*.

2

residual functional capacity.  Upon reviewing the record, the court concludes that claimant's arguments are without merit.

The general rule is that "[a]n administrative law judge may not *arbitrarily* reject *uncontroverted* medical testimony." *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982) (citing *Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979)) (emphasis supplied).  Contrary to claimant's argument, the ALJ did not arbitrarily reject the opinion of Dr. Nichols.  In his written decision, the ALJ summarized Dr. Nichols' findings, and concluded that "Dr. Nichols has not presented relevant evidence to support her opinion and her opinion is inconsistent with the record as a whole"[5] Furthermore, the ALJ determined that Dr. Nichols' findings conflicted with the medical source opinion of Dr. Fleece.  On those bases, the ALJ rejected Dr. Nichols' opinion.[6]

Claimant argues that it was improper for the ALJ to discredit Dr. Nichols' opinion in favor of the findings of Dr. Fleece because Dr. Fleece did not examine claimant, and the opinion of a non-examining medical source "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)).  In making this

---

[5]*Id*. at 23.
[6]*Id.*

argument, claimant overlooks the equally well-settled maxims that medical opinions that are not supported by "clinical evidence" are properly discounted, and opinions of "one-time examiners," such as Dr. Nichols, "are not entitled to deference." *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).[7] *See also*, *e.g.*, 20 C.F.R. § 404.1527(d) (stating that a medical source's opinion that is not supported by clinical findings or other evidence will not be afforded great weight); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). Moreover, the ALJ's written decision makes it clear that Dr. Fleece's opinion was not "taken alone," but that it was considered in concert with other evidence of record. *McSwain*, 814 F.2d at 619. An ALJ *may*, in his discretion, give an examining source's opinion greater weight than a non-examining source's opinion; however, there is no steadfast requirement, as claimant argues, that an ALJ must rigidly follow such a course. *See*, *e.g.*, 20 C.F.R. § 416.927(d)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the

---

[7]*Nota bene*: a "one-time examiner" is not a "treating physician." *McSwain*, 814 F.2d at 619. Unlike the opinion of a "one-time examiner," a treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1241-42 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *see also Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988) (distinguishing between the "substantial or considerable weight" that an ALJ must afford to the opinion of an "examining" or "treating" physician as opposed to the "little weight" given to the opinion of a "nonexamining" physician).

opinion of a source who has not examined you."). It is outside this court's authority to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996). As such, it would be improper for this court to revisit the ALJ's rejection of Dr. Nichols' opinion, which is not entitled to deference, in light of the ALJ's determination that the opinion was inconsistent with other evidence of record.

Likewise, the ALJ did not impermissibly substitute his own opinion for the opinion of Dr. Nichols. An ALJ is absolutely prohibited from substituting his own opinion for that of a physician. *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (holding that an ALJ may not substitute his opinion for that of a doctor); *Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (same); *see also Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring) (finding that an "ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians"). Stated differently, "[a]n ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury*, 957 F.2d at 840-41. Such is not the case here, in that the ALJ relied on the medical source

opinion of Dr. Fleece, as well as on other medical evidence of record, including the findings of physicians who had examined claimant, in support of his rejection of Dr. Nichols' opinion.

Finally, the court is not persuaded by claimant's contention that the ALJ committed error in not utilizing all the evidence of record when reaching a determination as to claimant's residual functional capacity. The crux of claimant's argument on this point is that, in claimant's opinion, the ALJ should have concluded that claimant is disabled in light of the testimony of the vocational expert coupled with the medical source opinion of Dr. Fleece. In essence, claimant is asking this court to reweigh the evidence that was before the ALJ, and to reach a contrary conclusion. As noted above, it is not within the purview of this court to take such an action. *See Wolfe*, 86 F.3d at 1076. In addition, despite claimant's suggestions to the contrary, it is not necessary for an ALJ to specifically "discuss every piece of evidence submitted" in order to indicate that all the evidence of record was considered. *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (noting also that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered."); *Wheeler v. Apfel*, 224 F.3d 891, 896 (8th Cir. 2000)). *See also Ogranaja v. Commissioner of Social Security*, 2006 WL 1526062, at *3 (11th Cir.

2006) (unpublished) ("We do not require the ALJ to 'specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole.").[8] In the present case, the ALJ conducted a thorough examination of the evidence of record. Consequently, the court rejects claimant's argument that the ALJ's decision was reached without regard to the totality of the evidence.

Consistent with the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 28th day of August, 2008.

                                    /s/ Lynwood Smith
                                  United States District Judge

---

[8] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.